JOHNSTONE, Justice
(dissenting).
I respectfully dissent from the judgment of this Court affirming the dismissal of the plaintiffs’ complaint against the City of Huntsville and its police department. Paragraph 6 of the plaintiffs’ complaint as last amended alleges that “[o]n or about the 19th day of August, 1998, the defendant, through its police officers, took possession [of the plaintiffs’ property for use as evidence against other persons] without the consent of your Plaintiff.... That at some later date, the exact date unknown to your Plaintiff, the Defendant converted, sold, disposed of, or lost your Plaintiffs property-” (Emphasis added.) Paragraph 7 of the complaint as last amended realleges that the conversion occurred “later.” The trial court granted the Rule 12(b)(6), Ala. R. Civ. P., motion of the City of Huntsville to dismiss on the ground that the two-year statute of limitations for conversion barred the plaintiffs’ action. Obviously, however, the plaintiffs’ complaint does not show on its face that the “some later date” was more than two years before November 15, 2000, when the plaintiffs filed suit.
While the trial court expressly ruled a different motion — the defendants’ motion for summary judgment — moot, the parties’ arguments seem to assume that the trial court treated the motion to dismiss that it granted as a motion for summary judgment. Even if the trial court did so, the record does not support summary judgment, for neither the law nor the eviden-tiary materials of record establish that the conversion occurred more than two years before the November 15, 2000, date when the plaintiffs filed suit.
The City of Huntsville argues, without establishing by evidence or other material, “that, to the extent any conversion occurred at all, it happened on August 19, 1998.” (Appellee’s brief, p. 10.) The City of Huntsville cannot prevail on this argument unless, as a matter of law, a policeman’s taking possession of property for use as evidence constitutes a conversion. Our law does not recognize any such proposition.
*844 The materials considered by the trial judge do not establish without factual dispute that the conversion occurred on August 19, 1998, instead of “at some later date” as alleged or that the “later date” preceded November 15, 2000, the date suit was filed, by more than two years. Therefore, this Court should reverse the dismissal of the plaintiffs’ conversion claim against the City of Huntsville and its police department.